United States District Court
Southern District of Texas
**ENTERED**
October 21, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AARON MALONE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-00269 |
| | § | |
| KRISTINE ZAMBRANO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR NEW TRIAL

Plaintiff Aaron Malone is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's Motion For New Trial. (D.E. 82). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** Plaintiff's motion be **DENIED**.

### I.     BACKGROUND

On September 9, 2019, Plaintiff filed this action raising civil rights claims against prison officials at the McConnell Unit in Beeville, Texas. (D.E. 1). On March 24, 2020, the undersigned entered a screening Memorandum and Recommendation that Plaintiff had stated: (1) claims for the denial of access to the courts, arising from certain conduct occurring in July and August 2018, against Sergeant Kristine Zambrano, Mailroom Supervisor Selles, and Officer Thompson in their individual capacities; and (2) retaliation claims against Sgt. Zambrano, Major Gould, Selles, Unit Grievance Investigator Christina Rodriguez, Officer Laundry, and Officer Thompson in their individual capacities. (D.E. 19). Plaintiff generally alleged the defendants engaged in various acts of retaliation after he filed a state court civil action against some of the defendants and other

prison officials. (D.E. 78, Pages 10-13). The undersigned further recommended Plaintiff's remaining claims be dismissed.

The undersigned ordered service (D.E. 20) and these defendants filed an Answer on May 11, 2020. (D.E. 25). The undersigned entered an order setting deadlines on June 9, 2020. (D.E. 28). United States District Judge David S. Morales adopted the screening memorandum and recommendation on October 15, 2020. (D.E. 31).

On February 8, 2021, Defendants filed a Motion for Summary Judgment. (D.E. 46). Plaintiff filed written responses on April 2 and 5, 2021. (D.E. 56, D.E. 59). On September 7, 2021, Judge Morales granted Defendants' Motion for Summary Judgment and denied it only with respect to Plaintiff's retaliation claims against Defendant Landry on the exhaustion issue. (D.E. 78, Page 21). However, Judge Morales found that Defendant Landry was entitled to summary judgment based on limitations. (D.E. 78, Pages 27-28). Judge Morales' September 7, 2021 Opinion and Order resulted in the dismissal of all of Plaintiff's remaining claims. Final Judgment was entered on September 15, 2021. (D.E. 79). On October 15, 2021, the Court received Plaintiff's Motion For New Trial. (D.E. 82).

## II. DISCUSSION

### A. Summary of Plaintiff's Motion For New Trial

In the pending motion, Plaintiff requests the Court consider a response and two motions filed shortly before Judge Morales entered his Order granting Defendants' Motion for Summary Judgment. (D.E. 82). These filings are: (1) Plaintiff's Response To Defendants' Motion To Strike Plaintiff's Cross Motion For Summary Judgment (D.E. 75); (2) Plaintiff's Motion to File An Out of Time Motion For Summary Judgment (D.E. 76); and (3) Motion To Combine Plaintiff's Exhibit 1A, 1C, 1C(a), and 10. (D.E. 77). Plaintiff further requests the Court reconsider all of its rulings

with regard to granting Defendants' Motion for Summary Judgment and Striking Plaintiff's Motion for Summary Judgment. Plaintiff also moves the Court to require Defendants to respond to his discovery requests. Additionally, Plaintiff requests the Court reconsider all of his previously submitted summary judgment evidence. Finally, Plaintiff requests the Court appoint counsel.

### B. Characterization of Plaintiff's Motion

Plaintiff titled his motion as one for a new trial, which is governed by Federal Rule of Civil Procedure Rule 59(a). However, Plaintiff's claims were adjudicated by summary judgment, not trial. Plaintiff's Motion is therefore more properly characterized as a Motion to Alter or Amend Judgment under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (Motion to alter or amend under Rule 59(e) is proper motion to contest summary judgment); *Patin v. Allied Signal Inc.*, 77 F.3d 782, 785 n. 1 (5th Cir. 1990) (Motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion).

### C. Plaintiff's Motion is Timely

A motion to alter or amend a judgment is timely if "filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). Final judgment was entered on September 15, 2021. (D.E. 79). Plaintiff's deadline to file his motion was October 13, 2021. The Court received Plaintiff's Motion For New Trial on October 15, 2021. (D.E. 82). Plaintiff signed and dated his motion on October 5, 2021. (D.E. 82, Page 9). Because Plaintiff is a prisoner proceeding *pro se*, he is subject to the mailbox rule and any documents are considered filed in federal court when delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir.1998) (per curiam). The envelope in which Plaintiff mailed his motion does not appear to have a date stamp from the United States Postal Service. (D.E. 82-1). The exact date Plaintiff delivered his motion to prison authorities for mailing is uncertain. However, based on the date Plaintiff signed the motion and

the date the Court received the motion, the undersigned is satisfied the motion was filed on or before October 13, 2021, and is therefore timely.

### D. Legal Standard for Relief Pursuant to Rule 59

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted); *accord Kossie v. Crain*, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) (citation omitted). Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted); *accord Kossie*, 602 F. Supp. 2d at 793 (citation omitted). To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law or present newly discovered evidence. *Templet*, 367 F.3d at 479.

## III. ANALYSIS

### A. Plaintiff's Request to Have Recent Untimely Response and Motions Considered

On September 1, 2021, the Court received from Plaintiff: (1) Plaintiff's Response To Defendants' Motion To Strike Plaintiff's Cross Motion For Summary Judgment (D.E. 75); (2) Plaintiff's Motion to File An Out of Time Motion For Summary Judgment (D.E. 76); and (3) Motion To Combine Plaintiff's Exhibits. (D.E. 77). Defendants filed their motion to strike (D.E. 72) on July 16, 2021. Plaintiff's response (D.E. 75) to Defendants' motion to strike (D.E. 72) was due on August 6, 2021. *See* Rules 7.3 & 7.4, Local Rules, Southern District of Texas. (Responses are due 21 days from the filing date). Additionally, Plaintiff's motion for summary judgment was of no consequence because the Court summarily dismissed all of Plaintiff's claims that survived screening based on Defendants' successful motion for summary judgment. Additionally,

Plaintiff's Motion to File An Out of Time Motion For Summary Judgment (D.E. 76) should be denied for the same reasons.  Plaintiff should not be allowed to file an untimely motion for summary judgment because all of Plaintiff's claims have been correctly dismissed.

In Plaintiff's Motion to Combine Plaintiff's Exhibits (D.E. 77), Plaintiff is attempting to offer new evidence.  Plaintiff alleges the new evidence was not previously submitted to the Court because "the Defendants stole them." (D.E. 77, Page 1).  Plaintiff's allegation of unidentified defendants stealing his exhibits is self-serving, conclusory, unsubstantiated and is undermined by his recent ability to obtain and file these affidavits with the Court.  Additionally, the new evidence is not helpful.  The first exhibit (D.E. 77-1, Page 2) is Grievance No. 2021118691, dated August 20, 2021, in which he complains about receiving untimely responses to two unidentified grievances.  The additional exhibits are affidavits of two inmates and an affidavit from Plaintiff. (D.E. 77-1, Pages 4-9). The affidavits were signed by the affiants on either August 23, 2021 or August 25, 2021. The inmate affidavits do not provide any relevant, non-hearsay information that would have been useful to the Court.   In Plaintiff's affidavit he explains a lack of understanding of court procedures including his deadlines.  His affidavit provides no information relevant to the prior decisions of this Court.   The undersigned **RECOMMENDS** the Court **DENY** Plaintiff's Motion to File An Out of Time Motion For Summary Judgment (D.E. 76) and also **DENY** Plaintiff's Motion To Combine Plaintiff's Exhibit 1A, 1C, 1C(a), and 10.  (D.E. 77).

    **B.**    **Plaintiff's Request for Reconsideration**

In Plaintiff's Motion For New Trial (D.E. 82), characterized as a Rule 59(e) motion for relief from judgment, he asks the Court to reconsider the order granting Defendants' Motion For Summary Judgment.  Plaintiff generally asks the Court to review again all matters pertinent to the Defendants' Motion for Summary Judgment, including his verified complaint, his more definite

statement, his *Spears* hearing testimony, his various motions and responses, and both his timely and untimely evidence. He presents arguments which were either previously rejected by the Court or determined to be without merit. Plaintiff does not present any new evidence that would cause the Court to reconsider any of its prior rulings in this case.

A Rule 59(e) motion is an improper vehicle to rehash failed arguments or argue additional matters that could have been raised earlier. *See Templet,* 367 F.3d at 478-79; *North Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, No. H-08-2379, 2010 WL 2245075, at *1 (S.D. Tex. June 2, 2010) (citations omitted). Plaintiff otherwise presents nothing to alter the Court's decision to grant Defendants' Motion for Summary Judgment. Because Plaintiff fails to show a manifest an error of law or fact entitling him to any relief, Plaintiff's Rule 59(e) motion should be denied.

### C. Plaintiff's Motion to Compel Discovery and Motion for Appointed Counsel

Within Plaintiff's Motion For New Trial, he includes a motion to compel discovery and a motion to appoint counsel. Discovery has closed and the case has been dismissed. Plaintiff has presented no reason for the Court to re-open discovery.

Plaintiff's previous Motion for Appointment of Counsel (D.E. 55) was denied on April 5, 2021. (D.E. 58). His current motion for appointed counsel should be denied for the same reasons, and additionally because the case has been summarily dismissed. The Fifth Circuit has enunciated several factors the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (per curiam). Upon careful consideration of the factors set forth in *Jackson*, the Court finds appointment of counsel is not warranted at this time. Regarding the first factor, Plaintiff's civil rights claims do not present any complexities unusual in prisoner actions. The second and third factors are whether Plaintiff is in a position to adequately investigate and present his case. Plaintiff has demonstrated he is able to communicate adequately and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has been dismissed; consequently, the appointment of counsel is unnecessary. Finally, appointing counsel would not aid in the efficient and equitable disposition of the case because final judgment has been entered.

## IV.   CONCLUSION

Based on the foregoing, the undersigned respectfully **RECOMMENDS** Plaintiff's Motion For New Trial (D.E. 82), characterized as a Rule 59(e) Motion to Amend or Alter Judgment, be **DENIED**.

Respectfully submitted on October 21, 2021.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).